IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | CHAPTER 7 |
| PROVELL PHARMACEUTICALS, LLC: | BANKRUPTCY NO. 25-11308 (DJB) |
| Debtor | |
| CHRISTINE C. SHUBERT, Chapter 7 Trustee for the Estate of PROVELL PHARMACEUTICALS, LLC; | |
| Plaintiff, | |
| v. | ADVERSARY NO. 25- |
| MCKESSON CORPORATION; | |
| Defendant. | |

**COMPLAINT OF CHRISTINE C. SHUBERT, CHAPTER 7 TRUSTEE, TO COMPEL TURNOVER OF ESTATE PROPERTY PURSUANT TO 11 U.S.C. §§ 541 AND 542 AND FOR OTHER RELATED RELIEF**

Christine C. Shubert, Chapter 7 Trustee (the "Trustee" or the "Plaintiff") for the estate of Provell Pharmaceuticals, LLC (the "Debtor"), brings this adversary proceeding, pursuant to 11 U.S.C. §§ 105, 541 and 542 and Fed. R. Bankr. P. 7001, to compel turnover of property of the estate and other related relief and respectfully alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(a), which is a civil proceeding arising under or arising in or related to a case under title 11 of the United States Code (the "Bankruptcy Code").

2. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A), (E), and (0).

3. Venue of the Debtor's bankruptcy case and this adversary proceeding is properly

in the United States Bankruptcy Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1408 and 1409(a).

4. This adversary proceeding is commenced pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure. By this adversary proceeding, the Trustee seeks to compel turnover of property of the estate pursuant to Sections 105, 541 and 542 of the Bankruptcy Code and other related relief.

## PARTIES AND BACKGROUND

5. Plaintiff is Christine C. Shubert, the Chapter 7 Trustee for the Debtor's estate.

6. McKesson Corporation (the "Defendant") is a corporation that maintains a business address at 6555 State Highway 16, Irving, TX 75039.

7. On April 2, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania.

8. On April 3, 2025, the Office of the United States Trustee appointed Christine C. Shubert as Chapter 7 Trustee of the Debtor's estate, which appointment remains in effect.

9. Upon information and belief, prior to the Petition Date, the Debtor agreed to provide services and goods to the Defendant.

10. As of the filing of this Complaint, the total amount due and owing to the Debtor for services rendered and goods provided for the benefit of the Defendant is $150,271.31 (the "Account Receivable"). A schedule documenting the relevant transaction dates and the outstanding balances owed by the Defendant is attached hereto as Exhibit "A" and made a part hereof.

11. Prior to the filing of this Complaint, the Trustee mailed a letter to the Defendant (the "Demand Letter") requesting that the Defendant turnover the Account Receivable to the Trustee.

12. As of the date of the filing of this Complaint, the Defendant has not responded to the Demand Letter and has failed to turn over the Account Receivable.

13. The Declaration of the Trustee in Support of this Complaint is attached hereto as Exhibit "B" and made a part hereof.

## COUNT ONE

### (Turnover of Estate Property Under 11 U.S.C. § 542)

14. The Trustee incorporates herein by reference the preceding paragraphs as if fully set forth herein at length.

15. The Debtor provided goods and services for the benefit of the Defendant in the total amount of $150,271.31.

16. The Account Receivable is subject to turnover under Section 542 of the Bankruptcy Code because the Account Receivable is property of the Debtor's estate, pursuant to Section 541 of the Bankruptcy Code. *See*, 11 U.S.C. § 541(a) ("The commencement of a case . . . creates an estate. Such estate is compromised of all of the following property, wherever located and by whomever held: (1) . . . all legal or equitable interests of the debtor in property as of the commencement of the case.").

17. Section 542 of the Bankruptcy Code gives a trustee the power to seek turnover of all property of a debtor's estate. *See*, 11 U.S.C. § 542. Section 542 of the Bankruptcy Code states, in pertinent part, that:

> An entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to

3

the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

See, 11 U.S.C. § 542.

18. As set forth above, the Account Receivable is property of the Debtor's estate because the Debtor held a legal and/or equitable interest in the Account Receivable as of the Petition Date.

19. The Defendant remains is in possession, custody, and control of the Account Receivable.

20. The Trustee may use or sell the Account Receivable under Section 363 of the Bankruptcy Code, and the receipt of such funds would aid the Trustee in the administration of this Chapter 7 Case.

21. The Account Receivable is valuable and beneficial to the Debtor's estate.

22. As such, the Trustee submits that the Defendant is obligated to turnover the Account Receivable in accordance with 11 U.S.C. § 542.

**WHEREFORE,** the Trustee seeks judgment against the Defendant:

(a) for the Trustee and against the Defendant in the amount of $150,271.31;

(b) compelling the Defendant to turnover and deliver the Account Receivable to the Trustee;

(c) awarding pre- and post-judgment interest on the Account Receivable;

(d) awarding attorneys' fees and costs; and

(e) for such other and further relief as this Court deems appropriate.

## COUNT TWO

### (Account Stated)

23. The Trustee repeats and re-alleges the allegations contained in all the preceding

paragraphs of this Complaint as if the same were fully set forth herein at length.

24. The total amount owed to the Debtor's estate by the Defendant as a result of the Account Receivable is $150,271.31. *See*, Exhibit "A."

25. The Account Receivable is currently due and payable to the Debtor's estate as stated without offset.

26. Despite request for payment, the Defendant has refused to pay the Account Receivable to the Trustee.

**WHEREFORE,** the Trustee seeks judgment against the Defendant:

(a) for the Trustee and against the Defendant in the amount of $150,271.31;

(b) compelling the Defendant to turnover and deliver the Account Receivable to the Trustee;

(c) awarding pre- and post-judgment interest on the Account Receivable;

(d) awarding attorneys' fees and costs; and

(e) for such other and further relief as this Court deems appropriate.

## COUNT THREE

### (Breach of Contract)

27. The Trustee repeats and re-alleges the allegations contained in all the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

28. The Debtor and the Defendant entered into a contract whereby the Defendant would pay all amounts owed under said contract.

29. The total amount still owing from the Defendant to the Debtor's estate is $150,271.31. *See*, Exhibit "A."

30. The Defendant has breached the contract by failing to pay the Account Receivable to the Debtor's estate.

5

**WHEREFORE,** the Trustee seeks judgment against the Defendant:

(a) for the Trustee and against the Defendant in the amount of $150,271.31;

(b) compelling the Defendant to turnover and deliver the Account Receivable to the Trustee;

(c) awarding pre- and post-judgment interest on the Account Receivable;

(d) awarding attorneys' fees and costs; and

(e) for such other and further relief as this Court deems appropriate.

## COUNT FOUR

### (Unjust Enrichment)

31. The Trustee repeats and re-alleges the allegations contained in all the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

32. The Debtor provided certain goods and services to the Defendant and the amount still owed by the Defendant totals $150,271.31.

33. The Defendant benefitted from the goods and services provided by the Debtor and the costs extended by the Debtor.

34. The Defendant has refused to make payment to the Debtor's estate for the Account Receivable.

35. The Defendant has been unjustly enriched by the value of the goods and services provided to the Defendant by the Debtor that the Defendant has not paid for (i.e., the Account Receivable).

**WHEREFORE,** the Trustee seeks judgment against the Defendant:

(a) for the Trustee and against the Defendant in the amount of $150,271.31;

(b) compelling the Defendant to turnover and deliver the Account Receivable to the Trustee;

(c) awarding pre- and post-judgment interest on the Account Receivable;

(d) awarding attorneys' fees and costs; and

(e) for such other and further relief as this Court deems appropriate.

## COUNT FIVE

### (Detrimental Reliance)

36. The Trustee repeats and re-alleges the allegations contained in all the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

37. The Debtor provided certain goods to the Defendant and the amount still owed by the Defendant totals $150,271.31.

38. The Defendant benefitted from the goods provided by the Debtor and the costs extended by the Debtor.

39. The Defendant has refused to make payment to the Debtor's estate for the Account Receivable.

40. The Debtor detrimentally relied on the Defendant's promise to pay for the goods and services provided by the Debtor.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**WHEREFORE,** the Trustee seeks judgment against the Defendant:

(a)  for the Trustee and against the Defendant in the amount of $150,271.31;

(b)  compelling the Defendant to turnover and deliver the Account Receivable to the Trustee;

(c)  awarding pre- and post-judgment interest on the Account Receivable;

(d)  awarding attorneys' fees and costs; and

(e)  for such other and further relief as this Court deems appropriate.

        **Respectfully submitted,**

        **KARALIS PC**

By:   /s/ Robert W. Seitzer
       ROBERT W. SEITZER
       1900 Spruce Street
       Philadelphia, PA 19103
       (215) 546-4500
       rseitzer@karalislaw.com

       *Attorneys for the Plaintiff/Trustee*

Dated: September 24, 2025

**EXHIBIT "A"**

| Name | Invoice No. | Invoice Date | Final Due Date | Current Balance Owed |
|---|---|---|---|---|
| Mckesson Drug | 902750300 | 2/5/2025 | 4/12/2025 | 3,681.36 |
| McKesson Drug | 902750301 | 2/5/2025 | 4/12/2025 | 413.28 |
| McKesson Drug | 902750302 | 2/5/2025 | 4/12/2025 | 1,995.12 |
| McKesson Drug | 902750303 | 2/5/2025 | 4/12/2025 | 1,656.72 |
| McKesson Drug | 902750304 | 2/5/2025 | 4/12/2025 | 3,944.16 |
| McKesson Drug | 902750305 | 2/5/2025 | 4/12/2025 | 720.00 |
| McKesson Drug | 902750306 | 2/5/2025 | 4/12/2025 | 695.52 |
| McKesson Drug | 902750307 | 2/5/2025 | 4/12/2025 | 426.24 |
| McKesson Drug | 902750308 | 2/5/2025 | 4/12/2025 | 720.72 |
| Mckesson Drug | 902750309 | 2/5/2025 | 4/12/2025 | 839.52 |
| McKesson Drug | 902750310 | 2/5/2025 | 4/12/2025 | 827.28 |
| McKesson Drug | 902750311 | 2/5/2025 | 4/12/2025 | 715.68 |
| McKesson Drug | 902750312 | 2/5/2025 | 4/12/2025 | 696.24 |
| McKesson Drug | 902750313 | 2/5/2025 | 4/12/2025 | 1,938.48 |
| McKesson Drug | 902750314 | 2/5/2025 | 4/12/2025 | 426.24 |
| McKesson Drug | 902750315 | 2/5/2025 | 4/12/2025 | 929.52 |
| Mckesson Drug | 902750316 | 2/5/2025 | 4/12/2025 | 426.24 |
| McKesson Drug | 902760871 | 2/12/2025 | 4/19/2025 | 1,415.52 |
| Mckesson Drug | 902760872 | 2/12/2025 | 4/19/2025 | 757.44 |
| McKesson Drug | 902760873 | 2/12/2025 | 4/19/2025 | 2,211.84 |
| Mckesson Drug | 902760874 | 2/12/2025 | 4/19/2025 | 2,741.76 |
| McKesson Drug | 902760875 | 2/12/2025 | 4/19/2025 | 1,832.40 |
| McKesson Drug | 902760876 | 2/12/2025 | 4/19/2025 | 696.24 |
| McKesson Drug | 902760877 | 2/12/2025 | 4/19/2025 | 3,239.28 |
| McKesson Drug | 902760878 | 2/12/2025 | 4/19/2025 | 2,122.08 |
| Mckesson Drug | 902760879 | 2/12/2025 | 4/19/2025 | 755.28 |
| McKesson Drug | 902760880 | 2/12/2025 | 4/19/2025 | 782.64 |
| McKesson Drug | 902760881 | 2/12/2025 | 4/19/2025 | 1,367.28 |
| McKesson Drug | 902760882 | 2/12/2025 | 4/19/2025 | 4,541.76 |
| McKesson Drug | 902760883 | 2/12/2025 | 4/19/2025 | 764.64 |
| Mckesson Drug | 902760884 | 2/12/2025 | 4/19/2025 | 339.12 |
| McKesson Drug | 902768021 | 2/19/2025 | 4/26/2025 | 1,582.56 |
| McKesson Drug | 902768022 | 2/19/2025 | 4/26/2025 | 339.12 |
| McKesson Drug | 902768023 | 2/19/2025 | 4/26/2025 | 1,486.08 |
| Mckesson Drug | 902768024 | 2/19/2025 | 4/26/2025 | 2,951.28 |
| McKesson Drug | 902768025 | 2/19/2025 | 4/26/2025 | 1,464.48 |
| Mckesson Drug | 902768026 | 2/19/2025 | 4/26/2025 | 702.72 |
| McKesson Drug | 902768027 | 2/19/2025 | 4/26/2025 | 4,034.40 |
| McKesson Drug | 902768028 | 2/19/2025 | 4/26/2025 | 1,604.16 |
| Mckesson Drug | 902768029 | 2/19/2025 | 4/26/2025 | 363.60 |
| McKesson Drug | 902768030 | 2/19/2025 | 4/26/2025 | 357.12 |
| McKesson Drug | 902768031 | 2/19/2025 | 4/26/2025 | 1,391.76 |
| McKesson Drug | 902768032 | 2/19/2025 | 4/26/2025 | 1,879.92 |
| McKesson Drug | 902768033 | 2/19/2025 | 4/26/2025 | 356.40 |
| McKesson Drug | 902768034 | 2/19/2025 | 4/26/2025 | 757.44 |
| McKesson Drug | 902778736 | 2/26/2025 | 5/3/2025 | 1,814.40 |
| McKesson Drug | 902778737 | 2/26/2025 | 5/3/2025 | 426.24 |
| McKesson Drug | 902778738 | 2/26/2025 | 5/3/2025 | 2,071.44 |
| McKesson Drug | 902778739 | 2/26/2025 | 5/3/2025 | 779.76 |

| Vendor | Invoice | Date | Due | Amount |
|---|---|---|---|---|
| McKesson Drug | 902778740 | 2/26/2025 | 5/3/2025 | 413.28 |
| McKesson Drug | 902778741 | 2/26/2025 | 5/3/2025 | 416.16 |
| McKesson Drug | 902778742 | 2/26/2025 | 5/3/2025 | 1,904.40 |
| McKesson Drug | 902778743 | 2/26/2025 | 5/3/2025 | 769.68 |
| McKesson Drug | 902778744 | 2/26/2025 | 5/3/2025 | 695.52 |
| McKesson Drug | 902778745 | 2/26/2025 | 5/3/2025 | 755.28 |
| McKesson Drug | 902778746 | 2/26/2025 | 5/3/2025 | 772.56 |
| McKesson Drug | 902778747 | 2/26/2025 | 5/3/2025 | 314.64 |
| McKesson Drug | 902778748 | 2/26/2025 | 5/3/2025 | 3,991.68 |
| McKesson Drug | 902778749 | 2/26/2025 | 5/3/2025 | 401.04 |
| Mckesson Drug | 902778750 | 2/26/2025 | 5/3/2025 | 1,079.28 |
| McKesson Drug | 902778751 | 2/26/2025 | 5/3/2025 | 789.84 |
| Mckesson Drug | 902778752 | 2/26/2025 | 5/3/2025 | 356.40 |
| Mckesson Drug | 902778753 | 2/26/2025 | 5/3/2025 | 758.16 |
| McKesson Drug | 902787968 | 3/5/2025 | 5/10/2025 | 817.20 |
| McKesson Drug | 902787969 | 3/5/2025 | 5/10/2025 | 1,273.92 |
| McKesson Drug | 902787970 | 3/5/2025 | 5/10/2025 | 314.64 |
| McKesson Drug | 902787971 | 3/5/2025 | 5/10/2025 | 696.24 |
| McKesson Drug | 902787972 | 3/5/2025 | 5/10/2025 | 1,537.20 |
| Mckesson Drug | 902787973 | 3/5/2025 | 5/10/2025 | 4,847.04 |
| McKesson Drug | 902787974 | 3/5/2025 | 5/10/2025 | 4,013.28 |
| McKesson Drug | 902787975 | 3/5/2025 | 5/10/2025 | 356.40 |
| McKesson Drug | 902787976 | 3/5/2025 | 5/10/2025 | 755.28 |
| McKesson Drug | 902787977 | 3/5/2025 | 5/10/2025 | 1,873.44 |
| McKesson Drug | 902787978 | 3/5/2025 | 5/10/2025 | 2,583.60 |
| McKesson Drug | 902787979 | 3/5/2025 | 5/10/2025 | 752.40 |
| McKesson Drug | 902787980 | 3/5/2025 | 5/10/2025 | 764.64 |
| McKesson Drug | 902787981 | 3/5/2025 | 5/10/2025 | 357.12 |
| Mckesson Drug | 902787982 | 3/5/2025 | 5/10/2025 | 713.52 |
| McKesson Drug | 902787983 | 3/5/2025 | 5/10/2025 | 1,416.24 |
| McKesson Drug | 902797196 | 3/12/2025 | 5/17/2025 | 363.60 |
| McKesson Drug | 902797197 | 3/12/2025 | 5/17/2025 | 695.52 |
| McKesson Drug | 902797198 | 3/12/2025 | 5/17/2025 | 1,447.92 |
| McKesson Drug | 902797199 | 3/12/2025 | 5/17/2025 | 757.44 |
| McKesson Drug | 902797200 | 3/12/2025 | 5/17/2025 | 991.68 |
| McKesson Drug | 902797201 | 3/12/2025 | 5/17/2025 | 720.00 |
| Mckesson Drug | 902797202 | 3/12/2025 | 5/17/2025 | 979.44 |
| McKesson Drug | 902797203 | 3/12/2025 | 5/17/2025 | 2,407.92 |
| McKesson Drug | 902797204 | 3/12/2025 | 5/17/2025 | 413.28 |
| McKesson Drug | 902797205 | 3/12/2025 | 5/17/2025 | 979.44 |
| McKesson Drug | 902797206 | 3/12/2025 | 5/17/2025 | 757.44 |
| McKesson Drug | 902797207 | 3/12/2025 | 5/17/2025 | 893.04 |
| McKesson Drug | 902797208 | 3/12/2025 | 5/17/2025 | 776.88 |
| McKesson Drug | 902797209 | 3/12/2025 | 5/17/2025 | 339.12 |
| McKesson Drug | 902797210 | 3/12/2025 | 5/17/2025 | 5,314.32 |
| McKesson Drug | 902797211 | 3/12/2025 | 5/17/2025 | 1,637.28 |
| Mckesson Drug | 902797212 | 3/12/2025 | 5/17/2025 | 2,647.68 |
| McKesson Drug | 902806002 | 3/19/2025 | 5/24/2025 | 2,453.04 |
| McKesson Drug | 902806003 | 3/19/2025 | 5/24/2025 | 339.12 |
| McKesson Drug | 902806004 | 3/19/2025 | 5/24/2025 | 578.40 |
| McKesson Drug | 902806005 | 3/19/2025 | 5/24/2025 | 740.16 |
| McKesson Drug | 902806006 | 3/19/2025 | 5/24/2025 | 1,103.76 |

| Vendor | Invoice | Date 1 | Date 2 | Amount |
|---|---|---|---|---|
| McKesson | 902806007 | 3/19/2025 | 5/24/2025 | 1,343.76 |
| McKesson Drug | 902806008 | 3/19/2025 | 5/24/2025 | 578.40 |
| Mckesson Drug | 902806009 | 3/19/2025 | 5/24/2025 | 769.68 |
| Mckesson Drug | 902806010 | 3/19/2025 | 5/24/2025 | 416.16 |
| McKesson Drug | 902806011 | 3/19/2025 | 5/24/2025 | 1,059.12 |
| Mckesson Drug | 902806012 | 3/19/2025 | 5/24/2025 | 1,821.60 |
| McKesson Drug | 902806013 | 3/19/2025 | 5/24/2025 | 401.04 |
| McKesson Drug | 902806014 | 3/19/2025 | 5/24/2025 | 2,233.44 |
| McKesson Drug | 902806015 | 3/19/2025 | 5/24/2025 | 401.04 |
| McKesson Drug | 902806016 | 3/19/2025 | 5/24/2025 | 1,649.52 |
| McKesson Drug | 902806017 | 3/19/2025 | 5/24/2025 | 528.48 |
| McKesson Drug | 902806018 | 3/19/2025 | 5/24/2025 | 2,836.80 |
| McKesson Drug | 1400001064 | 2/11/2025 | 1/20/2025 | 13.84 |
| McKesson Drug | 1400001069 | 2/18/2025 | 2/18/2025 | 115.10 |
| McKesson Drug | 1400001072 | 2/25/2025 | 1/27/2025 | 1.19 |
| McKesson Drug | 1400001072 | 2/25/2025 | 2/25/2025 | 15.81 |
| McKesson Drug | 1400001074 | 2/28/2025 | 2/28/2025 | 6.27 |
| McKesson Drug | 1400001082 | 3/18/2025 | 3/18/2025 | 41.56 |
| McKesson Drug | 1400001082 | 3/18/2025 | 2/17/2025 | 6.89 |
| McKesson Drug | 1400001082 | 3/18/2025 | 2/17/2025 | 4.44 |
| McKesson Drug | 1400001082 | 3/18/2025 | 3/18/2025 | 502.42 |
| McKesson Drug | 1400001082 | 3/18/2025 | 3/18/2025 | 3.82 |
| McKesson Drug | 1400001082 | 3/18/2025 | 3/18/2025 | 3.82 |
| McKesson Drug | 1400001085 | 3/25/2025 | 3/10/2025 | 12.00 |
| McKesson Drug | 1400001085 | 3/25/2025 | 3/25/2025 | 6.12 |
| McKesson Drug | 1400001089 | 4/1/2025 | 4/1/2025 | 80.64 |
| McKesson Drug | 1400001089 | 4/1/2025 | 3/29/2025 | 105.79 |
| McKesson Drug | 1400001092 | 4/8/2025 | 4/8/2025 | 0.34 |
| McKesson Drug | 1400001092 | 4/8/2025 | 4/8/2025 | 0.87 |
| McKesson Drug | 1400001092 | 4/8/2025 | 4/8/2025 | 5.90 |
| McKesson Drug | 1400001092 | 4/8/2025 | 4/8/2025 | 2.50 |
| McKesson Drug | 1400001092 | 4/8/2025 | 4/8/2025 | 5.21 |
| McKesson Drug | 1400001092 | 4/8/2025 | 4/8/2025 | 7.31 |
| McKesson Drug | 1400001092 | 4/8/2025 | 4/8/2025 | 413.28 |
| McKesson Drug | 1400001092 | 4/8/2025 | 4/8/2025 | 83.70 |
| McKesson Drug | 1400001092 | 4/8/2025 | 4/8/2025 | 11.87 |
| McKesson Drug | 1400001092 | 4/8/2025 | 4/8/2025 | 1.43 |
| McKesson Drug | 1400001092 | 4/8/2025 | 4/8/2025 | 2.56 |
| McKesson Drug | 1400001092 | 4/8/2025 | 4/8/2025 | 5.73 |
| McKesson Drug | 1400001092 | 4/8/2025 | 4/8/2025 | 0.68 |
| McKesson Drug | 1400001092 | 4/8/2025 | 4/8/2025 | 3.83 |
| McKesson Drug | 1400001092 | 4/8/2025 | 4/8/2025 | 5.40 |
| McKesson Drug | 1400001092 | 4/8/2025 | 4/8/2025 | 4.74 |
| McKesson Drug | 1400001092 | 4/8/2025 | 4/8/2025 | 0.87 |
| McKesson Drug | 1400001092 | 4/8/2025 | 4/8/2025 | 6.58 |
| McKesson Drug | 1400001092 | 4/8/2025 | 4/8/2025 | 2.05 |
| McKesson Drug | 1400001092 | 4/8/2025 | 4/8/2025 | 1.02 |
| McKesson Drug | 1400001092 | 4/8/2025 | 4/8/2025 | 0.34 |
| McKesson Drug | 1400001092 | 4/8/2025 | 4/8/2025 | 0.96 |
| McKesson Drug | 1400001092 | 4/8/2025 | 4/8/2025 | 6.15 |
| McKesson Drug | 1400001092 | 4/8/2025 | 4/8/2025 | 1,243.33 |
| McKesson Drug | 1400001092 | 4/8/2025 | 4/8/2025 | 16.52 |

| | | | | |
|---|---|---|---|---|
| McKesson Drug | 1400001092 | 4/8/2025 | 4/8/2025 | 2.55 |
| McKesson Drug | 1400001092 | 4/8/2025 | 3/18/2025 | 568.08 |
| McKesson Drug | 1400001092 | 4/8/2025 | 4/8/2025 | 2.26 |
| McKesson Drug | 1400001092 | 4/8/2025 | 4/8/2025 | 0.99 |
| McKesson Drug | 1400001092 | 4/8/2025 | 4/8/2025 | 3.60 |
| McKesson Drug | 1400001092 | 4/8/2025 | 4/8/2025 | 1.76 |
| McKesson Drug | 1400001092 | 4/8/2025 | 4/8/2025 | 12.97 |
| McKesson Drug | 1400001092 | 4/8/2025 | 4/8/2025 | 7.21 |
| McKesson Drug | 1400001092 | 4/8/2025 | 4/8/2025 | 1.82 |
| McKesson Drug | 1400001092 | 4/8/2025 | 4/8/2025 | 18.79 |
| McKesson Drug | 1400001092 | 4/8/2025 | 4/8/2025 | 0.36 |
| McKesson Drug | 1400001092 | 4/8/2025 | 4/8/2025 | 0.96 |
| McKesson Drug | 1400001092 | 4/8/2025 | 4/8/2025 | 7.37 |
| McKesson Drug | 1400001092 | 4/8/2025 | 4/8/2025 | 0.45 |
| McKesson Drug | 1400001092 | 4/8/2025 | 4/8/2025 | 19.63 |
| McKesson Drug | 1400001092 | 4/8/2025 | 4/8/2025 | 1.16 |
| McKesson Drug | 1400001092 | 4/8/2025 | 4/8/2025 | 2.52 |
| McKesson Drug | 1400001092 | 4/8/2025 | 4/8/2025 | 1.72 |
| McKesson Drug | 1400001092 | 4/8/2025 | 4/8/2025 | 0.01 |
| McKesson Drug | 1400001092 | 4/8/2025 | 4/8/2025 | 16.14 |
| | | | | **150,271.31** |

# EXHIBIT "B"

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | CHAPTER 7 |
| PROVELL PHARMACEUTICALS, LLC: | BANKRUPTCY NO. 25-11308 (DJB) |
| Debtor | |
| CHRISTINE C. SHUBERT, Chapter 7 Trustee for the Estate of PROVELL PHARMACEUTICALS, LLC; | |
| Plaintiff, | |
| v. | ADVERSARY NO. 25- |
| MCKESSON CORPORATION; | |
| Defendant. | |

**DECLARATION OF CHRISTINE C. SHUBERT, CHAPTER 7 TRUSTEE, IN SUPPORT OF COMPLAINT OF CHRISTINE C. SHUBERT, CHAPTER 7 TRUSTEE, TO COMPEL TURNOVER OF ESTATE PROPERTY PURSUANT TO 11 U.S.C. §§ 541 AND 542 AND FOR OTHER RELATED RELIEF**

The undersigned hereby swears and affirms pursuant to 28 U.S.C. § 1746 that the following information is true and correct to the best of my knowledge, information and belief:

1. I am the Chapter 7 Trustee of the above-referenced bankruptcy estate.

2. On September 24, 2025, I filed the Complaint of Christine C. Shubert, Chapter 7 Trustee, to Compel Turnover of Estate Property Pursuant to 11 U.S.C. §§ 541 and 542 and for other Related Relief (the "Complaint").

3. I reviewed the Complaint prior its filing with the Court.

4. All of the facts and averments set forth in the Complaint are true and correct and I offer these facts and averments in support of the relief sought in the Complaint.

5.  I declare under penalty of perjury that the foregoing is true and correct.

          /s/ Christine C. Shubert
Christine C. Shubert,
Chapter 7 Trustee

Dated: September 24, 2025

2